Filed 5/30/14  P. v. Lewis CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARVIN LEWIS,<br><br>        Defendant and Appellant. | A138549<br><br>(Contra Costa County<br>Super. Ct. No. 05-120643-2) |

Marvin Lewis appeals from a judgment upon a jury verdict finding him guilty of two counts of inflicting traumatic injury to a spouse (Pen. Code,[1] § 273.5, subd. (a) (count 1 – injuries to face; count 2 – injuries to neck)).  The jury also found true the allegation that defendant inflicted great bodily injury under circumstances involving domestic violence in the commission of count 1.  (§§ 12022.7, subd. (e), 13700.)  The trial court imposed concurrent two-year terms on the two counts plus an additional three years for the great bodily injury enhancement on count 1 for a total term of five years in state prison.  Defendant contends that the concurrent sentences on the section 273.5 offenses violates section 654 because the crimes were committed as part of a continuous course of conduct with a single intent and objective.  We agree and order the judgment modified to stay the sentence on count 2.

Defendant does not challenge the evidence adduced at trial that on the evening of January 15, 2012, he and Dawatha Lee, his wife, got into an argument at a restaurant and

---

[1] All further statutory references are to the Penal Code.

1

returned home where the argument escalated. Lee told defendant that she wanted a divorce and, in response, defendant grabbed her neck and threw her down onto the floor. Defendant alternated between beating her face and choking her. The beating lasted for two or three minutes. Lee suffered a swollen nose and lips, and one of her eyes was swollen completely closed and bruised. She also incurred red marks on her neck. Lee's left eye had not yet healed at the time of the trial.

The trial court imposed concurrent two-year terms on counts 1 and 2, finding that the evidence showed two different assaults divisible by time.

Section 654 proscribes multiple punishment where several crimes are committed during an indivisible course of conduct with a single criminal objective.[2] The divisibility of a course of conduct depends on the intent and objective of the defendant. "[I]f the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, the trial court may impose punishment for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct. [Citations.]" (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135.) If the evidence discloses that the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1207.)

The Attorney General concedes that section 654 precludes double punishment on the offenses here because they were committed during an indivisible course of conduct with a single criminal objective. We agree that the evidence showed that defendant choked and hit Lee with the same intent and objective during an indivisible course of conduct. Section 654 thus barred imposition of concurrent terms on the offenses. "It has long been established that the imposition of concurrent sentences is precluded by section

---

[2] Section 654 provides in pertinent part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one . . . ."

2

654 [citations] because the defendant is deemed to be subjected to the term of *both* sentences although they are served simultaneously." (*People v. Miller* (1977) 18 Cal.3d 873, 887.) Accordingly, we will modify the sentence to stay the term on count 2.

### DISPOSITION

The judgment is modified to stay the sentence on count 2. The trial court is ordered to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


_____
Rivera, J.


We concur:


_____
Reardon, Acting P.J.


_____
Humes, J.